UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD DEWAYNE DORSEY,<br><br>       Petitioner,<br><br>   v.<br><br>CHRISTIAN PHEIFFER,<br><br>       Respondent. | Case No. 8:23-cv-00424-FLA-PD<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF PETITION** |

On March 6, 2023, Petitioner Edward Dewayne Dorsey, proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.¹

---

¹ The Petition was actually filed on March 9, 2023.  Under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 275-76 (1988), a prisoner constructively files something on the day he gives it to prison authorities for forwarding to the relevant court.  *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Courts presume that is the day the prisoner signs the document unless there is evidence to the contrary.  *See Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as amended).

The Court issues this Order to Show Cause directed to Petitioner because the face of the Petition suggests that it is untimely.

**I.      Procedural History and Petitioner's Contentions**

In May 2004, an Orange County Superior Court jury convicted Petitioner of brandishing a firearm, possession of a firearm by a felon, and street terrorism.  [*See* Dkt. No. 1 at 2]; *People v. Dorsey*, No. G034957, 2006 WL 864546, at *1 (Cal. Ct. App. 2006) ("*Dorsey I*").  He was sentenced to 35 years to life in state prison.  [*See* Dkt. No. 1 at 2.]

Petitioner appealed, and on April 5, 2006, the California Court of Appeal affirmed the judgment.  *Dorsey I*, 2006 WL 864546, at *5.  The California Supreme Court denied review on June 21, 2006.  *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited on May 18, 2023).

Nearly two years later, on April 14, 2008, Petitioner filed a habeas petition in the court of appeal, which denied it on May 8.  *See id.*  On June 30, 2008, he filed a habeas petition in the California Supreme Court, which denied the petition on November 19.  *See id.*

In July 2014, Petitioner filed a habeas petition in the superior court, which granted relief and vacated one of his convictions and one of his sentencing enhancements, on July 11.  [*See* Dkt. No. 1 at 7]; *People v. Dorsey*, No.  G051134, 2015 WL 6690234, at *1 (Cal. Ct. App. Nov. 3, 2015) ("*Dorsey II*").  He was resentenced to 30 years to life in state prison.  *Dorsey II*, 2015 WL 6690234, at *1.  He did not appeal.  *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited on May 18, 2023).

---

Petitioner did not sign the Petition, but dated the envelope in which it was sent March 6, 2023.  [*See* Dkt. No. 1 at 141.]  The Court thus uses that date as the Petition's constructive filing date.  *See Butler*, 752 F.3d at 1178 n.1.

2

In August 2014, Petitioner filed a petition to recall his sentence in superior court, which denied it on December 12. [*See* Dkt. No. 1 at 8]; *Dorsey II*, 2015 WL 6690234, at *1. He appealed, and on November 3, 2015, the court of appeal affirmed. *See Dorsey II*, 2015 WL 6690234, at *1. On December 16, 2015, he filed a petition for review in the California Supreme Court, which denied it on January 20, 2016. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited May 18, 2023).

According to Petitioner, he filed another habeas petition sometime in 2017 in superior court, which denied it on August 21. [*See* Dkt. No. 1 at 9.] In November 2020, he filed a request for a hearing under *People v. Franklin*, 63 Cal. 4th 261 (2016), which the superior court denied.[2] *See People v. Dorsey*, G059841, 2021 WL 5917997 (Cal. Ct. App. Dec. 15, 2021) ("*Dorsey III*"). He appealed, and on December 15, 2021, the court of appeal affirmed. *See id.* at *2. He sought review in the California Supreme Court, which denied review on March 9, 2022. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited May 18, 2023).

Meanwhile, on January 13, 2022, Petitioner filed a habeas petition in the court of appeal, which denied it on January 27. *See id.* On February 7, 2022, he filed another habeas petition in the California Supreme Court, which denied it on March 16. *See id.*

He constructively filed the instant Petition on March 6, 2023. [*See* Dkt. No. 1 at 141.] Liberally construed, *see Woods v. Carey*, 525 F.3d 886, 889-90

---

[2] In *Franklin*, the California Supreme Court held that a defendant who will be eligible for a youth offender parole hearing at some point in the future must be "afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." 63 Cal. 4th at p. 284.

(9th Cir. 2008) (district courts are obligated to liberally construe pro se litigant filings), the Petition states the following five grounds for relief:

(1) Petitioner is actually innocent of the crimes of which he was convicted;

(2) trial counsel provided ineffective assistance by committing the following errors:

    a.    failing to investigate two witnesses, one of whom would have provided an alibi for Petitioner, and the other of whom would have testified that he was the person who committed the crimes;[3]

    b.    failing to convey to Petitioner a favorable plea offer;

    c.    failing to object to evidence obtained from Petitioner during an illegal search and seizure; and

    d.    failing to object to the delay of Petitioner's preliminary hearing and protect his rights under the Speedy Trial Act;

(3) appellate counsel provided ineffective assistance by failing to assert an illegal-search-and-seizure claim on appeal and by neglecting to inform Petitioner of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations to file a federal habeas petition;

(4) post-conviction counsel provided ineffective assistance by failing to advise Petitioner to assert his actual-innocence and ineffective-assistance claims in state court and by failing to advise him of AEDPA's one-year limitations period; and

(5) the restriction on Petitioner's "liberty is illegal and contravenes his Eighth Amendment right against 'cruel and unusual punishment.'"

[Dkt. No. 1 at 17-25, 32-48.]

---

[3] Petitioner also faults trial counsel for failing to investigate and call as witnesses unidentified "neighbors" who would have supported his defense. [Dkt. No. 1 at 20.]

**II. Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990). As explained below, a review of the Petition shows that it is subject to dismissal as untimely, and Petitioner therefore must show cause as to why it should not be dismissed.

    **A.    The Petition is Untimely on Its Face**

        **1.    The Limitations Period**

The AEDPA imposes a one-year period of limitation for state prisoners to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one-year limitations period runs from the latest of the four following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D). The Ninth Circuit has held that "the judgment from which the AEDPA statute of limitations runs is the one pursuant to which the petitioner is incarcerated." *Smith v. Williams*, 871

F.3d 684, 687 (9th Cir. 2017).

Here, the California Supreme Court denied Petitioner's original petition for review on June 21, 2006. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for Case No. S143404) (last visited May 18, 2023). He did not seek a writ of certiorari in the U.S. Supreme Court. *See* U.S. Sup. Ct. Docket Search, https://www.supremecourt.gov/docket/docket.aspx (search for "Dorsey" with "Edward" yielding no relevant results) (last visited May 18, 2023).

On July 11, 2014, Petitioner obtained habeas relief in superior court and was resentenced. [*See* Dkt. No. 1 at 7]; *Dorsey II*, 2015 WL 6690234, at *1. He did not appeal, *see* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited May 18, 2023), and thus his conviction became final 60 days later, on September 9, 2014. *See* Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of judgment); *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) (state conviction and sentence become final when availability of direct appeal has been exhausted and time for filing petition for writ of certiorari has elapsed or timely filed petition has been denied); *see also Marquez v. McDaniel*, 729 F. App'x 583, 584 (9th Cir. 2018) ("Where an amended or corrected judgment is entered, a prisoner is held under that amended or corrected judgment[,]" and "the one-year [statute of limitations] period runs from the date of the amended judgment.") (citing *Smith v. Williams*, 871 F.3d 684, 688 (9th Cir. 2017)).[4] Accordingly, the one-year limitation period for seeking federal habeas relief ended a year later, on September 9, 2015. *See* § 2244(d).

---

[4] Petitioner could not have filed a petition for writ of certiorari concerning his new sentence in the U.S. Supreme Court because he did not appeal to the highest state court. *See* 28 U.S.C. § 1257(a); Sup. Ct. R. 13(1).

6

Petitioner constructively filed the instant Petition over seven years after that deadline, on March 6, 2023. [*See* Dkt. No. 1 at 141.] He does not contend that he is entitled to a later trigger date of the limitation period under § 2244(d)(1)(B) or (C), and no such basis is apparent to the Court.[5] To the contrary, based on his allegations, Petitioner was aware of all of his current claims years before his conviction became final. [*See* Dkt. No. 1 at 121-24.] Consequently, the present action is untimely unless he is entitled to statutory or equitable tolling of the limitation period.

## 2. Statutory Tolling

The one-year limitation period is "statutorily tolled" while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute is not tolled between the time a final decision is issued on direct review and the time the first state collateral challenge is filed, because there is no case "pending" during that time. *See Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the statute is tolled for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies regarding a particular post-conviction application. Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review." *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).

Here, Petitioner is not entitled to any statutory tolling. In August 2014, he filed a petition to recall his sentence in superior court, which denied it on December 12, [*see* Dkt. No. 1 at 8], an unsuccessful appeal of that denial, *Dorsey II*, 2015 WL 6690234, at *1, and a petition for review, which was

---

[5] Petitioner arguably alleges that he is entitled to a later start date of the limitation period under § 2244(d)(1)(D). [*See* Dkt. No. 1 at 14.] That allegation is addressed below.

7

denied on December 16, 2015 [*see* Dkt. No. 1 at 8]. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited May 18, 2023). But a state-court petition for recall is not a post-conviction collateral attack on a state-court judgment because it does not challenge the underlying conviction or sentence; consequently, it does not toll the limitations period unless it results in a new judgment.[6] *See Johnson v. Neuschmid*, No. CV 19-8119-ODW (SP), 2020 WL 6219330, at *4 (C.D. Cal. Sept. 1, 2020) (petition for resentencing under Cal. Penal Code § 1170.18 did not attack state-court judgment and thus did not toll limitation period), *accepted by* 2020 WL 6203569 (C.D. Cal. Oct. 22, 2020).

Moreover, neither the 2017 habeas petition that Petitioner filed in superior court [*see* Dkt. No. 1 at 9] nor the request for hearing under *Franklin* that he filed in November 2020 (and his subsequent appeals concerning the denial of that request) tolled the limitation period because it had already expired when he filed them. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has ended before the state petition was filed."); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (state habeas petition filed after expiration of AEDPA limitation period could not toll limitation period "because the limitations period had already run"). The same is true concerning the habeas petitions he filed in the court of appeal and the California Supreme Court in 2022. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and

---

[6] In any event, even if Petitioner's petition for recall and the subsequent appeals concerning the denial of that petition tolled the limitation period, the Petition would nevertheless be untimely because, at a minimum, he filed no petitions of any kind in state court between August 21, 2017, when his second habeas petition in superior court was denied [*see* Dkt. No. 1 at 9], and November 2020, when he filed a request for a hearing under *Franklin* [*see id.* at 9, 121-31]. *See Dorsey III*, 2021 WL 5917997, at *1.

"Dewayne") (last visited on May 18, 2023).

### 3. Equitable Tolling

Petitioner alleges several arguments that, in his view, warrant equitable tolling of the one-year limitation period. First, he argues that he lacked the requisite legal training and knowledge to identify and prosecute the Petition's claims and was able to do so only after retained counsel alerted him to them in June 2020. [*See* Dkt. No. 1 at 14, 25-26.] Second, he maintains that neither his appellate counsel nor his post-conviction counsel appointed to assist him in his state-court petition to recall his sentence notified him of the AEDPA one-year limitation period. [*See id.* at 24-25, 28, 46-47.] What's more, according to Petitioner, neither of his appointed counsels identified any of the "meritorious" claims that he has asserted in the Petition, and thus he had no way to discover them until retained counsel did in June 2020. [*Id.* at 14, 25-26.]

The one-year limitations period is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[T]he threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (quoting *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002)). To qualify, a petitioner has the burden to demonstrate (1) that he has been pursuing his rights diligently, and (2) that an "extraordinary circumstance" stood in his way that prevented him from timely filing. *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

To show "extraordinary circumstances," a petitioner must show that "the circumstances that caused his delay are both extraordinary and beyond his control" – a high threshold. *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016). In addition, a petitioner must show that the extraordinary circumstances caused the untimely filing of his habeas

9

petition. *See Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citing *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)); *see also Smith v. Davis*, 953 F.3d 582, 595 (9th Cir. 2020) ("Whether an impediment caused by extraordinary circumstances prevented timely filing is a 'causation question.'").

To demonstrate that he has been pursuing his rights diligently, a petitioner must show that he has "been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99. In other words, "when [the petitioner] is free from the extraordinary circumstance, he must also be diligent in actively pursuing his rights." *Id.* at 599. Because Petitioner must show diligence before, during, and after extraordinary circumstances prevented him from filing, *see Smith*, 953 F.3d at 598-99, he must show diligence during the period from September 9, 2014, the day the statute of limitations began to run, to until March 6, 2023, the day he constructively filed the Petition.

Here, none of Petitioner's allegations warrants equitable tolling of the limitation period. First, that Petitioner lacked training is not sufficient to toll the limitation period. The Ninth Circuit has squarely held that "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n.4 (9th Cir. 2009) ("[W]e have held that a *pro se* petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling[.]") (citation omitted). Petitioner was aware of the facts underlying each of the Petition's claims no later than August 5, 2005, when appellate counsel filed Petitioner's opening brief on appeal. [*See* Dkt. No. 1 at 121-24];

10

*See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited May 18, 2023). Accordingly, he could have timely asserted those claims in federal court had he exercised reasonable diligence. His failure to do so is not an extraordinary circumstance.

Second, that neither of Petitioner's state-court appointed counsels notified him of the AEDPA one-year limitation period is likewise insufficient to toll the limitations period. *See Garcia v. Perez*, No. SACV 15-0397-JPR, 2016 WL 1028002, at *9 (C.D. Cal. Mar. 14, 2016) ("Even if Petitioner's untimely filing of his federal Petition is attributable in part to his ignorance of the federal habeas statute and the California postconviction process, 'a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.'" (quoting *Rasberry*, 448 F.3d at 1154)); *Mezquita v. Soto*, No. CV 14-5994-VAP (RNB), 2014 WL 4988145, at *2, *4-5 (C.D. Cal. Sept. 4, 2014) (equitable tolling not warranted when appellate counsel did not provide petitioner notice of AEDPA's limitation period even though petitioner had slightly-below fifth-grade reading level), *accepted by* 2014 WL 5017919 (C.D. Cal. Oct. 7, 2014).

In short, none of Petitioner's allegations in the Petition warrant equitable tolling.

### 4. Later Start Date under § 2244(d)(1)(D)

Under § 2244(d)(1)(D), the limitations period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," not when it was actually discovered. 28 U.S.C. § 2244(d)(1)(D). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). "Due diligence does not require the

11

maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Ford v. Gonzalez*, 683 F.3d 1230, 1235 (9th Cir. 2012) (internal citation and quotation marks omitted).

Section 2244(d)(1)(D) provides a petitioner with a later accrual date than section 2244(d)(1)(A) only "'if vital facts could not have been known' by the date the appellate process ended." *Id.* (citations omitted). Accordingly, "[t]he 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, regardless of when their legal significance is actually discovered." *Id.* The Ninth Circuit has explained that "section 2244(d)(1)(D)'s due diligence requirement is an objective standard. . . ." *Id.* Nevertheless, in determining whether a petitioner has exercised due diligence, courts also consider the petitioner's "particular circumstances." *Id.* Courts, therefore, may consider any impediments that the petitioner faced in discovering a claim's factual predicate. *Id.* Correspondingly, courts also may consider "unique resources at the petitioner's disposal to discover his or her claim." *Id.*

Here, Petitioner is not entitled to a later start date of the AEDPA one-year limitation period. As related above, he was necessarily aware of all the facts underlying the Petition's claims no later than August 5, 2005, when appellate counsel filed Petitioner's opening brief on appeal. [*See* Dkt. No. 1 at 121-24]; *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo. ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited May 18, 2023). That he may not have appreciated the legal significance of those facts is insufficient to trigger an alternative start date of the limitations period. *See Hasan*, 254 F.3d at 1154 n.3. What's more, Petitioner evidently had resources available to him that many prisoners do not. Indeed, in June 2020, he retained counsel [*see* Dkt, No. 1 at 14], and he cites no reason why he could not have done so before then. And even if he could, he did not require counsel

to timely assert any of the Petition's claims.

### 5. Actual Innocence

Petitioner contends that the AEDPA one-year statute of limitations does not bar the Petition because he is actually innocent of the crimes of which he was convicted. [*See* Dkt. No. 1 at 17-18, 27.] In support of this contention, he presents declarations from two people, one of whom would have provided an alibi for Petitioner, and the other of whom would have testified that he was the person who committed the crimes of which Petitioner was convicted. [*See* Dkt. No. 1 at 126-31.] The first declaration is from Kisha Woodburn, Petitioner's ex-girlfriend. [*See id.* at 30, 129-31.] Woodburn declares that Petitioner could not have committed the crimes underlying his convictions because he was with her in her apartment when the crimes occurred. [*See id.* at 130-31.] The second declaration is from Donell English, Petitioner's cousin. [*See id.* at 15, 126-28.] English declares that he – not Petitioner – was the person who brandished a firearm at the victim. [*See id.* at 126-27.] Both declarants state that they were willing to testify at Petitioner's trial, but trial counsel never contacted them. [*See id.* at 127, 131.] Citing these two declarations, Petitioner posits that the victim necessarily "misidentified" him. [Dkt. No. 1 at 17.] As explained below, Petitioner's new evidence is not sufficient to render the Petition timely under the fundamental-miscarriage-of-justice exception to the AEDPA one-year limitation period.

Under the "fundamental miscarriage of justice" exception to the AEDPA limitation period, a habeas petitioner may pursue constitutional claims on the merits "notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). The exception is limited to claims of actual innocence, however, and a petitioner does not qualify if he asserts "only procedural violations." *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008); *see Schlup v. Delo*, 513 U.S. 298, 321 (1995)

(observing that Supreme Court precedent has "explicitly tied the miscarriage of justice exception to the petitioner's innocence"); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("This . . . fundamental miscarriage of justice exception [ ] is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." (quoting *McCleskey v. Zant*, 499 U.S. 467, 502 (1991))).

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Perkins*, 569 U.S. at 386; *see also Lee v. Lampert*, 653 F.3d 929, 934–37 (9th Cir. 2011) (en banc). The *Schlup* standard is "demanding." *Perkins*, 569 U.S. at 386 (citation omitted). "[A] petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 399 (quoting *Schlup*, 513 U.S. at 327); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) (noting in context of collateral review of federal criminal conviction that actual innocence "means factual innocence, not mere legal insufficiency"). To overcome the statute of limitations, the evidence of actual innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. The "timing of the petition" asserting actual innocence is a factor relevant to how strong a showing is needed. *Perkins*, 569 U.S. at 386. The longer a petitioner has delayed, the greater the showing of innocence must be. *See id.* at 399-400 (petitioner's "untoward delay" in arguing his actual innocence "should seriously undermine [the argument's] credibility").

"New" evidence is "relevant evidence that was either excluded or unavailable at trial." *Schlup*, 513 U.S. at 324, 327-28. This evidence must be "reliable." *Id.* at 324. Evidence that is only newly presented – but not

14

necessarily newly discovered – may nonetheless suffice to overcome AEDPA's limitation period. *Griffin v. Johnson*, 350 F.3d 956, 962-63 (9th Cir. 2003) (allowing otherwise time-barred claim to proceed based on evidence of actual innocence available, but not introduced, at time of trial). *But see Chestang v. Sisto*, 522 F. App'x 389, 391 (9th Cir. 2013) (newly acquired witness declaration not sufficiently "new" to support actual innocence because contents were within defendant's knowledge at time of trial and no explanation was given for not introducing it sooner).

While the *Schlup* standard does not require absolute certainty regarding the petitioner's guilt or innocence, it nevertheless is an "exacting standard" that permits review "only in the 'extraordinary' case." *Lee*, 653 F.3d at 937. Indeed, the Supreme Court has noted that this exception is "rare." *Schlup*, 513 U.S. at 321.

Here, Petitioner cannot meet *Schlup*'s exacting standard. First, both Woodburn and English have readily apparent credibility problems. Neither of them is a disinterested witness: Woodburn is Petitioner's ex-girlfriend, and English is his cousin. *See House v. Bell*, 547 U.S. 518, 552 (2006) (eyewitness testimony given by disinterested witness with no motive to lie "has more probative value" than "testimony from inmates, suspects, or friends or relations of the accused"); *see also Romero v. Tansy*, 46 F.3d 1024, 1030 (10th Cir. 1995) (testimony by defendant's family members is of "significantly less exculpatory value than the testimony of an objective witness"). Putting that aside, Woodburn evidently lied to police who were investigating the underlying crimes. Specifically, when police arrived at her apartment to investigate the victim's complaint, she told them that Petitioner was not home when in fact he was hiding in her bathroom shower. *See Dorsey I*, 2006 WL 864546, at *1.

English has even more credibility problems. Although his April 2021 declaration states that he was the person who brandished the weapon at the victim, he did not sign his declaration until over 15 years after the crimes were committed. [*Compare* Dkt. No. 1 at 2 (stating that Petitioner was convicted on May 20, 2004), *with id.* at 128 (reflecting that English signed his declaration in April 2021).] By that time, the statute of limitations on the crimes – both brandishing a firearm and felon in possession of a firearm – had long since passed. *See* Cal. Penal Code §§ 801 (limitation period for offenses punishable by imprisonment is generally three years), 800 (limitation period for offenses punishable by imprisonment of eight years or more is six years).[7] Accordingly, English had little if anything to lose in confessing to those crimes in 2021, and thus his confession is inherently suspect. *See Williams v. Soto*, No. CV 15-1275-MWF (FFM), 2018 WL 2208041, at *23 (C.D. Cal. Feb. 20, 2018) (witness's confession that he committed crime for which petitioner was convicted was inherently suspect because witness did not confess until after limitation period to prosecute him had passed), *accepted by* 2018 WL 2215977 (C.D. Cal. May 10, 2018), *denying cert. of appealability*, No. 18-55634, 2018 WL 6041663 (9th Cir. Sept. 25, 2018); *see also Smith v. Baldwin*, 510 F.3d 1127, 1142 n.11 (9th Cir. 2007 (en banc) (partner-in-crime's confession that he committed murder of which petitioner was convicted would be unconvincing to jury because jury likely would conclude that partner-in-crime, who was serving life sentence on unrelated crime, was hoping to help petitioner without any personal consequences); *Morris v. Hill*, 596 F. App'x 590, 591 (9th Cir. 2015) (rejecting actual innocence claim based proposed witness's confession to crime because witness was serving three life sentences, one of which without possibility of parole, and thus had "nothing to lose by

---

[7] There is no statute of limitations in California for offenses punishable by life in prison. *See* Cal. Penal Code § 799. None of the crimes of which Petitioner was convicted, however, are punishable by life in prison.

16

confessing"). And although English claims that he wanted to confess all along and was willing to do so at Petitioner's trial [*see* Dkt No. 1 at 126-28], he opted not to confess when he and Petitioner were arrested or at any time before being sent to jail on an unrelated crime even though he must have known Petitioner had been charged with the crime or at least was a suspect. That fact, coupled with his having nothing to lose in confessing, render his declaration of little persuasive value in showing Petitioner's innocence.

Second, Petitioner's unexplained delay in raising any kind of actual-innocence argument undermines it validity. If he were innocent of the charged crimes, he knew that fact since the moment he was arrested, as well as that Woodburn could have provided him an alibi. What's more, he contends that "[l]ong before the start of [his] trial" in 2004, he knew that English was willing to confess to the crimes. [Dkt. No. 1 at 122.] Notwithstanding those purported facts, he waited until over 16 years after he was convicted to assert his actual-innocence claim.[8] [*See id.* at 14.] That prolonged delay "seriously undermine[s]" the credibility of Petitioner's protestations of innocence. *Perkins*, 569 U.S. at 386.

Finally, the after-the-fact declarations of Woodburn and English are insufficient to show that no reasonable juror would have convicted Petitioner because of the substantial evidence implicating only Petitioner in the charged crimes. Putting aside Woodburn's and English's credibility problems identified above, there was ample evidence of Petitioner's guilt. Indeed, the victim positively identified him as the person who brandished the firearm.

---

[8] Petitioner does not cite any state habeas petition in which he asserted his actual-innocence claim. But based on his allegations, he necessarily did not do so until sometime after June 2020. [*See* Dkt. No. 1 at 14.] As best as the Court can tell, he first raised the claim in the habeas petition he filed in the court of appeal on January 13, 2022. *See* Cal. App. Cts. Case Info. http://appellatecases.courtinfo.ca.gov/ (search for "Dorsey," "Edward," and "Dewayne") (last visited May 18, 2023). But the Court cannot definitively state that he raised his actual-innocence claim in that state-court petition because Petitioner did not attach it to the instant Petition.

*Dorsey I*, 2006 WL 864546, at *1. And when police came to arrest Petitioner, he evidenced a consciousness of guilt by hiding in Woodburn's shower, while she told police that he was not in the apartment. *See id.*; *see also People v. Vu*, 143 Cal. App. 4th 1009, 1030 (2006) (evidence that defendant tried to hide after crime is relevant to show consciousness of guilt); *People v. Dabb*, 32 Cal. 2d 491, 500 (1948) ("[A] consciousness of guilt may be inferred from an attempt to avoid apprehension."). Moreover, once inside Woodburn's apartment, he changed out of the clothes he had been wearing only moments before when he had confronted the victim. *Dorsey I*, 2006 WL 864546, at *1. And more importantly, his fingerprints were found on a gun that was hidden in a clothes hamper in Woodburn's apartment. *Id.*

Put simply, there was substantial evidence of Petitioner's guilt, and the after-the-fact declarations of two interested witnesses with obvious credibility problems is not sufficient to show a likelihood that no reasonable juror would have convicted Petitioner even after considering them. As such, he cannot show that a fundamental miscarriage of justice would result if the Court were not to consider the merits of the Petition's claims.

In sum, Petitioner has failed to file a federal habeas petition within one year of the date on which the AEDPA's one-year limitation period began to run. He is not entitled to any statutory tolling (or if he is, it is not sufficient to render the Petition timely), he has not alleged sufficient facts to warrant equitable tolling or a later start date of the limitation period. Nor has he shown that failing to consider the Petition's claims would result in a fundamental miscarriage of justice. Thus, the Petition is untimely.[9]

---

[9] Petitioner also alleges that he has previously filed a habeas petition in this Court that was denied as untimely. [*See* Dkt. No. 1 at 7.] He fails, however, to provide a case number for that petition or the date on which it was denied. [*See id.*] The Court moreover has been unable to verify that such a petition was ever filed. To the extent he filed the petition after obtaining habeas relief in the superior court [*see id.*], the instant Petition would be an unauthorized second or successive petition

**III. Conclusion**

For the foregoing reasons, the Court **ORDERS** Petitioner to show cause **by no later than June 30, 2023,** as to why the Petition should not be dismissed as untimely.

If he contends that he is entitled to tolling of any kind or a later start date of the limitation period for any reason other than those identified in the Petition, he must allege specific facts to support those contentions and provide any reasonably available supporting documentation. If he continues to maintain that he is actually innocent, he likewise must allege specific facts in addition to those alleged in the Petition to support that contention and provide any reasonably available supporting documentation.

Petitioner is admonished that if he does not file a response to this Order by **June 30, 2023**, the Court will recommend that the Petition be dismissed with prejudice as untimely.

IT IS SO ORDERED.

DATED: May 22, 2023

*Patricia Donahue*

PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE

---

because he does not allege that he obtained permission from the Ninth Circuit Court of Appeals before filing it. *See* § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 157 (2007) (holding district court lacks jurisdiction to consider merits of second or successive petition absent prior authorization from circuit court). The Court, however, lacks sufficient information at this time to determine if the Petition is in fact second or successive of any prior federal habeas petition.