UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  8:23-cv-00424-HDV-PD                                   Date: December 11, 2023

Title   *Edward Dewayne Dorsey v. Christian Pheiffer*

Present: The Honorable:   Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) Order Requiring Response to Order to Show Cause

On March 6, 2023, Petitioner Edward Dewayne Dorsey, proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  [*See* Dkt. No. 1 at 141.]  On May 22, 2023, the Court ordered him to show cause by June 30, 2023, why the Petition should not be dismissed as untimely.  [*See* Dkt. No. 6.]  On August 28, 2023, Petitioner filed a First Amended Petition ("FAP").  [*See* Dkt. No. 15.]

The FAP raises no new grounds for relief.  The FAP reasserts two claims that Petitioner asserted in his original Petition.  [*See id*. at 3-4, 23-25.]  Consequently, the FAP suffers from the same issue that the Court identified in the order to show cause.[1]  Although a substantial portion of the FAP is dedicated to explaining why the FAP is timely [*see id*. at 7-23, 25-26], the Court cannot definitively determine if Petitioner intended the FAP to be his response to the Court's May 22, 2023 order to show cause.

---

[1] It is unclear if by filing the FAP, Petitioner intended to abandon the other claims he asserted in the original Petition.  But giving Petitioner the benefit of the doubt, the Court assumes that he did not.

Page **1** of 2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  8:23-cv-00424-HDV-PD                    Date: December 11, 2023

Title    *Edward Dewayne Dorsey v. Christian Pheiffer*

    Accordingly, the Court **ORDERS** Petitioner to file a response to the Court's May 22, 2023 order to show cause by **no later than January 11, 2024**. If Petitioner intended the arguments in the FAP to be his explanation of why his claims –those in the Petition and in the FAP – are timely, then in his response to this Order, he may simply state that fact. Otherwise, he must explain why his claims are timely in accordance with the Court's May 22, 2023 order to show cause. [*See* Dkt. 6 at 19.]

    Petitioner is admonished that if he does not file a response to the order to show cause by **January 11, 2024**, the Court will recommend that the FAP be dismissed with prejudice as untimely. The Court notes that Petitioner has already been granted two extensions of time to respond the Court's order to show cause. [*See* Dkt. Nos. 9, 14.] Moreover, he has cited multiple relevant federal cases and crafted cogent arguments concerning the timeliness of his claims. [*See* Dkt. No. 15 at 7-23, 25-26]. Consequently, he should not expect any additional extensions of time to file his response to the order to show cause absent extraordinary circumstances.

**IT IS SO ORDERED**.

                                                                                             :
Initials of Preparer    iv