**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD DEWAYNE DORSEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PHEIFFER,<br><br>　　　　Respondent. | Case No. 8:23-cv-00424-HDV (PD)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the operative First Amended Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　The Report recommends the denial of the First Amended Petition as untimely and the dismissal of this action with prejudice. (ECF No. 18.) As stated below, Petitioner's objections to the Report (ECF No. 26) do not warrant a change to the Magistrate Judge's findings or recommendations.

　　Petitioner objects that he is actually innocent. (ECF No. 26 at 7-13.) As support, he has filed a new witness declaration. (*Id.* at 11-13, 26-27.) The witness,

Natasha Quintana, declares that she saw Donell English, Petitioner's cousin, engage in a shoving encounter with the victim and that Petitioner was not involved. (*Id*. at 26.) She further declares that the police did not want to hear her account, and she subsequently lost contact with Petitioner until recently. (*Id*.)

The Report's analysis for why Petitioner's evidence does not meet the actual-innocence standard applies with equal force to the recent declaration by Quintana. The witnesses have nothing to lose in identifying English as the perpetrator because the statute of limitations on the offenses has expired. (ECF No. 18 at 20-21.) The witnesses have no credible reason for their decades-long delay in coming forward with their accounts. (*Id*. at 21.) Substantial evidence established that Petitioner was the perpetrator: the victim identified Petitioner as the assailant, the victim had seen Petitioner often before the incident, and Petitioner hid from the police shortly after the incident. (*Id*. at 22-24.) Thus, the new evidence, including the declaration by Quintana, does not satisfy the actual innocence gateway of *Schlup v. Delo*, 513 U.S. 298 (1995).

Petitioner objects that he is entitled to habeas relief for several instances of ineffective assistance of counsel. (ECF No. 26 at 14-16.) The Court concurs with the Report that these claims are time-barred and, therefore, the Court will not consider them on the merits. (ECF No. 18 at 25.)

Petitioner objects that his original evidence for actual innocence, the declarations of Donell English and Kisha Woodburn, qualifies for the *Schlup* gateway. (ECF No. 26 at 17-20.) The Court concurs with the Report's analysis of this evidence. English and Woodburn were not disinterested witnesses. (ECF No. 18 at 19.) Plaintiff lacked standing to object to the police's entry into Woodburn's apartment, where Petitioner was found hiding insides a clothes hamper. (*Id*. at 24.) English had nothing to lose in confessing to the crimes after the statute of limitations had expired. (*Id*. at 20-21.) The victim's identification of Petitioner from a one-person field lineup did not invalidate the identification. (*Id*. at 22.)

In sum, Petitioner's objections are overruled.

IT IS ORDERED that (1) the Report and Recommendation is accepted; and (2) Judgment shall be entered denying the First Amended Petition and dismissing this action with prejudice.

DATED: 1/9/25

HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE